# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUIS ENRIQUE RUIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-14-156-M |
| | ) |
| CITY OF BETHANY, a municipal | ) |
| corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Phil Cole's ("Cole") Motion to Dismiss Plaintiff's Second Amended Complaint, filed July 23, 2014. On August 15, 2014, plaintiff Luis Enrique Ruiz ("Ruiz") filed his response.

I.   Introduction[1]

On October 13, 2011, the Bethany Police Department was dispatched to 7101 N.W. 23rd Street in Bethany, Oklahoma, following a report of a foul odor in the area. An officer searched the area and discovered a black nylon bag that contained a plastic bag inside. Upon opening the plastic bag, the officer discovered a severed human head and other dismembered body parts. After making this discovery, the officer called for backup. A criminal investigation into the apparent homicide was initiated by the Bethany Police Department. It was ultimately determined that the remains belonged to Carina Brianne Saunders and that she had been murdered on October 11, 2011.

On October 11, 2011, Ruiz was arrested by the Oklahoma City Police upon an outstanding City of Oklahoma City arrest warrant related to a speeding ticket. Ruiz was booked into the

---

[1]The facts set forth in this Introduction are based upon the facts alleged in Ruiz's Second Amended Complaint.

Oklahoma County Jail shortly after midnight on October 12, 2011. At some point during the investigation, Ruiz became a suspect.[2] On June 27, 2012, defendant officer Jack Ronald Jencks ("Jencks") signed an Affidavit of Probable Cause ("Affidavit") that resulted in the issuance of an arrest warrant for Ruiz. According to Ruiz, the Affidavit contained multiple statements that Jencks and defendant officer Austin Warfield ("Warfield") knew were false, and Jencks omitted information from the Affidavit with the intention of misleading the district court. Ruiz was then arrested by Jencks and Warfield. Ruiz further alleges that Jencks and Warfield, after the preparation of the Affidavit and Ruiz's arrest, altered police reports and back-dated the police reports when confronted with questions by the District Attorney about the accuracy of the reports. On February 22, 2013, the District Attorney dismissed the criminal charges against Ruiz before the preliminary hearing.

On February 20, 2014, Ruiz filed the instant action. On July 9, 2014, Ruiz filed his Second Amended Complaint, in which he alleges the following causes of action: (1) false arrest and detention and malicious prosecution in violation of 42 U.S.C. § 1983 against Jencks, (2) false arrest and detention and malicious prosecution in violation of 42 U.S.C. § 1983 against Warfield, (3) violation of article 2, § 30 of the Oklahoma Constitution against defendant City of Bethany ("City"), (4) supervisory liability in violation of 42 U.S.C. § 1983 against Cole, the Chief of Police of the City of Bethany Police Department, and (5) municipal liability in violation of 42 U.S.C. § 1983 against the City. Cole now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to

---

[2]There were other suspects as well, including Jimmy Massey. Mr. Massey was arrested on November 4, 2011. The District Attorney ultimately dismissed without prejudice the charges against Mr. Massey.

2

dismiss him as a party, for the reason that the allegations are insufficient to state a claim for which relief may be granted.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

Ruiz alleges a Section 1983 supervisory liability claim against Cole. Ruiz's claim against Cole is premised on Ruiz's Fourth Amendment right to be free from unreasonable seizure. Cole asserts that Ruiz has alleged no facts to support this claim. Additionally, Cole asserts that he is entitled to qualified immunity because his conduct, to the extent it is described with any particularity, is not something which violates clearly established law.

> The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a strict two-part test. The plaintiff must establish (1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct.

*Dodds v. Richardson*, 614 F.3d 1185, 1191 (10th Cir. 2010) (internal quotations and citations omitted). Further,

> [b]ecause a plaintiff can neither recover under § 1983 from a government official nor overcome the official's assertion of qualified immunity without demonstrating that official violated his constitutional or statutory rights, the legal analysis required to surmount these separate obstacles is often related, if not identical.

*Id.* at 1193-94.

To establish a Section 1983 claim against a defendant based on his supervisory responsibilities, a plaintiff must establish the following three elements: (1) personal involvement; (2) causation; and (3) state of mind. *See Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Cole contends that Ruiz has not set forth sufficient factual allegations to establish any of these three elements.

4

Having carefully reviewed Ruiz's Second Amended Complaint, and presuming all of Ruiz's factual allegations are true and construing them in the light most favorable to Ruiz, the Court finds plaintiff has set forth sufficient factual allegations to establish supervisory liability against Cole. Specifically, the Court finds that Ruiz has set forth sufficient allegations that Cole was directly and personally involved in the violation of Ruiz's Fourth Amendment rights, alleging, in part, that Cole directed Jencks and Warfield to alter police reports and/or directed Jencks to make false statements and/or omit information in the Affidavit. In his Second Amended Complaint, Ruiz alleges:

> 12. Because of the high profile nature of this case, Chief Cole remained personally involved in the investigation both before and after Ruiz's arrest by, upon information and belief, reviewing police reports, reviewing witness statements, taking tips from the public, speaking with front-line investigators about the details of the investigation, including Jencks and Warfield, speaking with Oklahoma County District Attorney David Prater, and providing statements to the media. Upon information and belief, Cole directed or knowingly ratified the actions taken by Jencks, Warfield and other unknown John Does as described herein.
>
> 47. Upon information and belief, Cole directed and/or was aware that Jencks and Warfield altered police reports after the fact and completed police reports months after the actual interviews were conducted.
>
> 48. Upon information and belief, Cole directed and/or was aware during the investigation and after Ruiz's arrest that Jencks made false statements in the Affidavit and that other material information was omitted. Upon information and belief, Cole was intimately familiar with the investigation because of its importance and because of the intense media scrutiny on City's Police Department.
>
> 51. Cole as aware of the flawed police work during the pendency of the criminal charges because, upon information and belief, the DA went directly to him to inquire about issues in the investigation, including those issues raised and pled herein.
>
> 54. . . . Jencks, Warfield and Cole knew that the statements were either false or unreliable at the time the Affidavit was filed because

5

>they conducted and participated in the investigation and made or condoned the false statements.
>
>82. Cole was personally involved in the false arrest, false detention and malicious prosecution of Ruiz because he directed and/or knowingly ratified Jencks and Warfield's falsification of evidence against Ruiz, including the making of false statements, presenting statements known to be false and unreliable, and omitting critical information about Ruiz's innocence, including that he was incarcerated on the date the murder was believed to have occurred.

Second Amended Complaint at ¶¶ 12, 47, 48, 51, 54, and 82. The Court further finds that Ruiz has set forth sufficient allegations of causation. To establish the requisite causal connection, a plaintiff must show "the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights." *Dodds*, 614 F.3d at 1195-96. Taking the above allegations as true, the Court finds Ruiz has clearly shown that Cole set in a motion a series of events - alteration of police reports, false information and omission of information in the Affidavit – that Cole knew or reasonably should have known would cause others - Jencks and Warfield – to deprive Ruiz of his Fourth Amendment rights. Finally, the Court finds that Ruiz has set forth sufficient allegations of the requisite state of mind. "Precisely what state of mind is required for individual liability depends on the type of claim a plaintiff brings." *Schneider*, 717 F.3d at 769. Taking the above allegations as true, the Court finds Ruiz has shown Cole acted with deliberate indifference – that Cole knowingly created a substantial risk of constitutional injury.[3]

---

[3]Because the Court finds that Ruiz's allegations satisfy even the most rigorous standards imposed in supervisory liability cases, the Court finds it need not determine the minimal state of mind required for supervisory liability for Fourth Amendment violations.

Thus, the Court finds that Ruiz has sufficiently alleged a claim for supervisory liability against Cole and has sufficiently alleged a violation of his Fourth Amendment right to be free from unreasonable seizure. The Court, therefore, must now determine if Ruiz's Fourth Amendment right was clearly established at the time of Cole's alleged unlawful conduct.

A right is clearly established "when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (internal quotations and citations omitted). Having carefully reviewed the parties' submissions, the Court finds that Ruiz's Fourth Amendment right was clearly established at the time of Cole's alleged unlawful conduct.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Cole's Motion to Dismiss Plaintiff's Second Amended Complaint [docket no. 47].

**IT IS SO ORDERED this 13th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE