# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUIS ENRIQUE RUIZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-14-156-M |
| | ) |
| CITY OF BETHANY, a municipal corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant City of Bethany's ("City") Motion to Dismiss Plaintiff's Second Amended Complaint, filed July 23, 2014. On August 15, 2014, plaintiff Luis Enrique Ruiz ("Ruiz") filed his response, and on August 22, 2014, the City filed its reply.

I.   Introduction[1]

On October 13, 2011, the Bethany Police Department was dispatched to 7101 N.W. 23rd Street in Bethany, Oklahoma, following a report of a foul odor in the area. An officer searched the area and discovered a black nylon bag that contained a plastic bag inside. Upon opening the plastic bag, the officer discovered a severed human head and other dismembered body parts. After making this discovery, the officer called for backup. A criminal investigation into the apparent homicide was initiated by the Bethany Police Department. It was ultimately determined that the remains belonged to Carina Brianne Saunders and that she had been murdered on October 11, 2011.

On October 11, 2011, Ruiz was arrested by the Oklahoma City Police upon an outstanding City of Oklahoma City arrest warrant related to a speeding ticket. Ruiz was booked into the

---

[1] The facts set forth in this Introduction are based upon the facts alleged in Ruiz's Second Amended Complaint.

Oklahoma County Jail shortly after midnight on October 12, 2011. At some point during the investigation, Ruiz became a suspect.[2] On June 27, 2012, defendant officer Jack Ronald Jencks ("Jencks") signed an Affidavit of Probable Cause ("Affidavit") that resulted in the issuance of an arrest warrant for Ruiz. According to Ruiz, the Affidavit contained multiple statements that Jencks and defendant officer Austin Warfield ("Warfield") knew were false, and Jencks omitted information from the Affidavit with the intention of misleading the district court. Ruiz was then arrested by Jencks and Warfield. Ruiz further alleges that Jencks and Warfield, after the preparation of the Affidavit and Ruiz's arrest, altered police reports and back-dated the police reports when confronted with questions by the District Attorney about the accuracy of the reports. On February 22, 2013, the District Attorney dismissed the criminal charges against Ruiz before the preliminary hearing.

On February 20, 2014, Ruiz filed the instant action. On July 9, 2014, Ruiz filed his Second Amended Complaint, in which he alleges the following causes of action: (1) false arrest and detention and malicious prosecution in violation of 42 U.S.C. § 1983 against Jencks, (2) false arrest and detention and malicious prosecution in violation of 42 U.S.C. § 1983 against Warfield, (3) violation of article 2, § 30 of the Oklahoma Constitution against the City, (4) supervisory liability in violation of 42 U.S.C. § 1983 against defendant Phil Cole, the Chief of Police of the City of Bethany Police Department, and (5) municipal liability in violation of 42 U.S.C. § 1983 against the City. The City now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to

---

[2]There were other suspects as well, including Jimmy Massey. Mr. Massey was arrested on November 4, 2011. The District Attorney ultimately dismissed without prejudice the charges against Mr. Massey.

dismiss it as a party, for the reason that the allegations are insufficient to state claims for which relief may be granted.

II.     Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

III. Discussion

   A. Violation of article 2, § 30 of the Oklahoma Constitution

In his third cause of action, Ruiz alleges a cause of action against the City for a violation of article 2, § 30 of the Oklahoma Constitution based upon the holding in *Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994 (Okla. 2013). The Oklahoma Supreme Court has recently held:

> a *Bosh v. Cherokee Building Authority*, 2013 OK 9, 305 P.3d 994, claim for excessive force against a municipality, as applied to police officers and other law enforcement personnel, may not be brought against a municipality when a cause of action under the [Oklahoma Governmental Tort Claims Act] is available.

*Perry v. City of Norman*, 341 P.3d 689, 689 (2014). Because it appears that a cause of action would be available under the Oklahoma Governmental Tort Claims Act, the Court finds that Ruiz can not bring a claim for violation of article 2, § 30 of the Oklahoma Constitution under the facts of this case. Accordingly, the Court finds that Ruiz's third cause of action should be dismissed.

   B. Municipal liability in violation of 42 U.S.C. § 1983

In his fifth cause of action, Ruiz alleges a cause of action against the City for municipal liability in violation of Section 1983.

> A municipality may not be held liable under § 1983 solely because its employees inflicted injury on the plaintiff. Rather, to establish municipal liability, a plaintiff must show 1) the existence of a municipal policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged.

*Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (internal citations omitted).

In his Second Amended Complaint, Ruiz alleges the following regarding the City's municipal liability:

4

86. Defendant City had a well-settled custom within the Police Department that caused the constitutional violations complained of in this case.

87. Defendant City was deliberately indifferent in its training and/or supervision over Cole, Jencks, Warfield, and other unknown John Doe officers.

88. Upon information and belief, Defendant City's well-settled custom allowed officers to fabricate evidence, alter and back-date police reports, and present evidence that was known to be false in order to secure arrests.

89. Upon information and belief, Defendant City's training and supervision over the police department was deliberately indifferent because it was aware of a substantial risk of constitutional deprivations.

90. Defendant's City's well-settled custom and deliberately indifferent training/supervision were moving forces behind the constitutional deprivations complained of herein.

91. As a direct and proximate result of City's actions, Ruiz suffered damages in excess of $75,000.00.

Plaintiff's Second Amended Complaint at ¶¶ 86-91.

The Court finds the above allegations are not sufficient under *Iqbal*. Specifically, the Court finds that these allegations are merely conclusory allegations reciting the elements of municipal liability. Ruiz's Second Amended Complaint is devoid of any factual allegations regarding the City's alleged well-settled custom, and specifically what the custom was; the specific inadequacies of the City's training and supervision; and how the City's alleged well-settled custom and/or inadequacies in training and supervision specifically caused the alleged violations of Ruiz's constitutional rights. Ruiz's Second Amended Complaint simply does not contain sufficient factual matter to state a municipal liability claim against the City that is plausible on its face. Accordingly, the Court finds that Ruiz's fifth cause of action should be dismissed.

### C. Leave to Amend

In his response, Ruiz requests leave to amend the second amended complaint to satisfy any deficiencies to the extent the Court determines Ruiz has not stated a claim against the City. Having carefully reviewed the parties' submissions, the Court finds, in the interest of justice, Ruiz should be granted leave to file a third amended complaint to satisfy the deficiencies found by the Court in relation to his fifth cause of action. While Ruiz has filed two amended complaints already, this Order is the first time the Court has ruled on the sufficiency of Ruiz's causes of action. Additionally, Ruiz retained new counsel in this case prior to filing his Second Amended Complaint; thus, current counsel has only filed one complaint in this case.

## IV. Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS the City's Motion to Dismiss Plaintiff's Second Amended Complaint [docket no. 46] and DISMISSES Ruiz's third and fifth causes of action against the City. Additionally, the Court GRANTS Ruiz's leave to file a Third Amended Complaint to satisfy the deficiencies found by the Court in relation to his fifth cause of action; said Third Amended Complaint shall be filed within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED this 13th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE