# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LUIS ENRIQUE RUIZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. CIV-14-156-M ) |
| CITY OF BETHANY, a municipal corporation, et al., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Austin Warfield's ("Warfield") Motion to Dismiss Plaintiff's Second Amended Complaint, filed July 18, 2014. On August 8, 2014, plaintiff Luis Enrique Ruiz ("Ruiz") filed his response, and on August 15, 2014, Warfield filed his reply. On September 2, 2014, Ruiz filed a supplemental brief in opposition to Warfield's motion to dismiss, and on September 3, 2014, Warfield filed his response to Ruiz's supplemental brief.

I.   Introduction[1]

On October 13, 2011, the Bethany Police Department was dispatched to 7101 N.W. 23rd Street in Bethany, Oklahoma, following a report of a foul odor in the area. An officer searched the area and discovered a black nylon bag that contained a plastic bag inside. Upon opening the plastic bag, the officer discovered a severed human head and other dismembered body parts. After making this discovery, the officer called for backup. A criminal investigation into the apparent homicide was initiated by the Bethany Police Department. It was ultimately determined that the remains belonged to Carina Brianne Saunders and that she had been murdered on October 11, 2011.

---

[1] The facts set forth in this Introduction are based upon the facts alleged in Ruiz's Second Amended Complaint.

On October 11, 2011, Ruiz was arrested by the Oklahoma City Police upon an outstanding City of Oklahoma City arrest warrant related to a speeding ticket. Ruiz was booked into the Oklahoma County Jail shortly after midnight on October 12, 2011. At some point during the investigation, Ruiz became a suspect.[2] On June 27, 2012, defendant officer Jack Ronald Jencks ("Jencks") signed an Affidavit of Probable Cause ("Affidavit") that resulted in the issuance of an arrest warrant for Ruiz. According to Ruiz, the Affidavit contained multiple statements that Jencks and officer Warfield knew were false, and Jencks omitted information from the Affidavit with the intention of misleading the district court. Ruiz was then arrested by Jencks and Warfield. Ruiz further alleges that Jencks and Warfield, after the preparation of the Affidavit and Ruiz's arrest, altered police reports and back-dated the police reports when confronted with questions by the District Attorney about the accuracy of the reports. On February 22, 2013, the District Attorney dismissed the criminal charges against Ruiz before the preliminary hearing.

On February 20, 2014, Ruiz filed the instant action. On July 9, 2014, Ruiz filed his Second Amended Complaint, in which he alleges the following causes of action: (1) false arrest and detention and malicious prosecution in violation of 42 U.S.C. § 1983 against Jencks, (2) false arrest and detention and malicious prosecution in violation of 42 U.S.C. § 1983 against Warfield, (3) violation of article 2, § 30 of the Oklahoma Constitution against defendant City of Bethany ("City"), (4) supervisory liability in violation of 42 U.S.C. § 1983 against defendant Phil Cole, the Chief of Police of the City of Bethany Police Department, and (5) municipal liability in violation of 42 U.S.C. § 1983 against the City. Warfield now moves this Court, pursuant to Federal Rule of Civil

---

[2]There were other suspects as well, including Jimmy Massey. Mr. Massey was arrested on November 4, 2011. The District Attorney ultimately dismissed without prejudice the charges against Mr. Massey.

Procedure 12(b)(6), to dismiss all claims against him for failure to state a claim upon which relief may be granted.

II.  Standard for Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

3

III.     Discussion

Ruiz alleges a Section 1983 malicious prosecution claim against Warfield based upon the Fourth Amendment right to be free from unreasonable seizures.[3] Warfield asserts Ruiz's allegations are insufficient to state a claim for malicious prosecution. Additionally, Warfield asserts that he is entitled to qualified immunity because Ruiz has failed to establish that any of Warfield's actions violated clearly established law.

> The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a strict two-part test. The plaintiff must establish (1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct.

*Dodds v. Richardson*, 614 F.3d 1185, 1191 (10th Cir. 2010) (internal quotations and citations omitted). Further,

> [b]ecause a plaintiff can neither recover under § 1983 from a government official nor overcome the official's assertion of qualified immunity without demonstrating that official violated his constitutional or statutory rights, the legal analysis required to surmount these separate obstacles is often related, if not identical.

*Id.* at 1193-94.

> [A] § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.

---

[3]In this case, Ruiz has alleged that he was falsely arrested and detained and subject to malicious prosecution by Warfield. In his response to Warfield's motion to dismiss, Ruiz states that his false arrest and detention claim is properly classified as a malicious prosecution claim.

4

*Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Warfield first asserts that the claim against him should be dismissed because Ruiz makes broad, vague, non-specific, and collective allegations against Warfield and Jencks, collectively. Warfield further asserts that Ruiz's consistent use of the collective term "Jencks and Warfield," jointly, as if they were one individual, without distinction as to what acts are attributable to whom, makes it impossible for Warfield to ascertain what particular unconstitutional acts he is alleged to have committed. Having carefully reviewed Ruiz's Second Amended Complaint, the Court finds that the claim against Warfield should not be dismissed based upon the use of the collective term "Jencks and Warfield." Specifically, the Court finds that when reading the Second Amended Complaint, it is clear that Ruiz is alleging that both Jencks and Warfield, individually, performed the actions alleged. Further, the Court finds that throughout the Second Amended Complaint, allegations are made solely as to Jencks and solely as to Warfield. Upon review of the Second Amended Complaint, the Court finds that Warfield should be able to ascertain the particular acts he is alleged to have committed. Accordingly, the Court finds that the claim against Warfield should not be dismissed on this basis.

Warfield further asserts that Ruiz's allegations in the Second Amended Complaint are insufficient to state a claim for malicious prosecution. Warfield contends that Ruiz fails to support each of the elements of a malicious prosecution claim with specific, articulable facts sufficient to show, assuming they are true, that Warfield plausibly violated Ruiz's constitutional rights. Specifically, Warfield contends that Ruiz cannot meet the second element of a malicious prosecution claim because his case was dismissed without prejudice to refiling, pending further investigation.

"Criminal proceedings are terminated in favor of the accused by the formal abandonment of

the proceedings by the public prosecutor." *Wilkins*, 528 F.3d at 802 (internal quotations and citation omitted). Further, "the inability of a prosecutor to prove a case beyond a reasonable doubt at trial can be consistent with the innocence of the accused and can be deemed a favorable termination in favor of the accused." *Id.* at 803. A court, when making the determination of whether a dismissal constitutes a favorable termination, looks "at the stated reasons for the dismissal as well as to the circumstances surrounding it in an attempt to determine whether the dismissal indicates the accused's innocence." *Id.* (internal citation omitted). A dismissal without prejudice, thus, is not always fatal to a malicious prosecution claim. *See Bryson v. Macy*, 611 F. Supp. 2d 1234 (W.D. Okla. 2009) (holding that dismissal without prejudice was termination favorable to plaintiff where case was dismissed because prosecuting authority believed DNA evidence raised reasonable doubt as to accused's guilt).

Having carefully reviewed Ruiz's Second Amended Complaint, and presuming all of Ruiz's factual allegations are true and construing them in the light most favorable to Ruiz, the Court finds that Ruiz has set forth sufficient allegations to satisfy the second element of a malicious prosecution claim. Specifically, the Court finds that Ruiz has set forth sufficient factual allegations to support a finding that the dismissal without prejudice of the criminal case against him constitutes a favorable termination. Additionally, the Court finds that Ruiz has set forth sufficient factual allegations to establish the remaining elements of a claim for malicious prosecution. Specifically, the Court finds Ruiz's Second Amended Complaint is replete with factual allegations showing that Warfield caused Ruiz's continued confinement and/or prosecution, that no probable cause supported Ruiz's original arrest, continued confinement, and prosecution, that Warfield acted with malice, and that Ruiz sustained damages. In his Second Amended Complaint, Ruiz specifically alleges that although

6

Warfield did not sign the Affidavit, Warfield was entirely aware that the Affidavit was based upon multiple false statements and that exculpatory information was omitted from the Affidavit. Further, Ruiz alleges that Warfield altered police reports and back-dated police reports in an attempt to create probable cause where he knew none existed.

Thus, the Court finds that Ruiz has set forth sufficient factual allegations to state a claim for malicious prosecution against Warfield that is plausible on its face and has set forth sufficient factual allegations of a violation of his Fourth Amendment right to be free from unreasonable seizure. The Court, therefore, must now determine if Ruiz's Fourth Amendment right was clearly established at the time of Warfield's unlawful conduct.

A right is clearly established "when, at the time of the challenged conduct, the contours of a right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (internal quotations and citations omitted). Having carefully reviewed the parties' submissions, the Court finds that Ruiz's Fourth Amendment right was clearly established at the time of Warfield's alleged unlawful conduct.

IV. Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Warfield's Motion to Dismiss Plaintiff's Second Amended Complaint [docket no. 45].

**IT IS SO ORDERED this 13th day of March, 2015.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE